# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
DANEARA JOHNSON and DAVID, *
JOHNSON, on behalf of their minor *   No. 19-218V
child, ZJ                       *
                                *
                                *   Special Master Christian J. Moran
            Petitioner,         *
v.                              *
                                *   Filed: October 19, 2022
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *   Attorneys' fees and costs, interim
            Respondent.         *   award
* * * * * * * * * * * * * * * * * * * *

Andrew D. Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner;
Camille M. Collett, United States Dep't of Justice, Washington, D.C., for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

On February 7, 2019, Daneara and David Johnson ("Petitioners") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Petitioners claims that their minor child, ZJ, suffered an encephalopathy as a result of a Pediarix vaccine he received on March 8, 2017. Pet., filed Feb. 7, 2019. Petitioners filed medical records to support their claim. Petitioner's counsel of record is Mr. Andrew Downing.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On June 19, 2020, the Secretary argued that compensation was not appropriate because petitioners has not established a prima facie case establishing an off-Table injury or on-Table injury. Resp't's Rep. at 21-25. The same day, the Secretary filed an expert report authored by Dr. Aaron Wallman-Stokes. See Exhibit A.

To develop their case, petitioners retained Dr. William Banner, Jr., Dr. Angela Shannon, and Dr. Anthony Chang. Dr. Banner's reports are exhibits 12 and 34. Dr. Shannon's report is exhibit 38. Dr. Chang's reports are exhibits 44 and 48.

On February 10, 2022, petitioners moved for an award of attorneys' fees and costs on an interim basis, requesting $48,976.00 in fees and $39,985.34 in costs, for a total of $88,961.34. Pet'r's Mot. IAFC at 7. **For the reasons that follow, petitioner is awarded $47,433.19.** The remainder is largely deferred.

\*   \*   \*

The requested fees include work performed and costs incurred as of February 10, 2022, when petitioners filed their motion. Petitioner argues that an award of interim fees and costs is appropriate in this case because: the case was filed with good faith and a reasonable basis; this case involves protracted litigation and costly experts; counsel's hourly rates are reasonable; and petitioner's experts' rates are reasonable. Pet'r's Mot. IAFC at 1-7.

The Secretary filed his response to petitioners' motion on March 9, 2022. Resp't's Resp. The Secretary did not provide any objection to petitioner's request. Id. Instead, he stated that he "recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

This matter is now ripe for adjudication.

\*   \*   \*

Petitioners' motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis? Third, what is a

2

reasonable amount of attorneys' fees and costs?  These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352.  Since petitioners have not received compensation from the Program, they may be awarded "compensation to cover [their] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs.  Simmons v. Sec'y of Health & Hum. Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard.  Id.; Hamrick v. Sec'y of Health & Hum. Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred.  Turner v. Sec'y of Health & Hum. Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The Secretary has not challenged petitioners' good faith here, and there is little doubt that petitioners brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence.  Simmons, 875 F.3d at 636.  Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence.  See Chuisano v. Sec'y of Health & Hum. Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the reports from the experts petitioners have retained, Dr. Banner, Dr. Shannon, and Dr. Chang, satisfy the reasonable basis standard.  See exhibits 12, 34, 38, 44, and 48.  These reports, combined with petitioners' medical records, establish a theory of causation and provide a reasonable basis sufficient for the attorneys' fees and costs determination.

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship."

Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.  Petitioners clears both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

#### A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 895, n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The

Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioners argue that the rates charged by counsel and petitioners' experts are reasonable and provides citations to other cases in which the rates have been approved. Pet'r's Mot IAFC. at 4-6. Petitioners note a rate increase for counsel and his legal assistant. Id. at 5-6. The Secretary does not dispute petitioners' counsel's entitlement to the requested rates. Given Mr. Downing's and Ms. Van Cott's levels of experience, the undersigned finds these rates to be reasonable.

Mr. Downing also requests fees for Robert Cain and Danielle Avery, paralegals that have assisted him with this case. The rates requested for these individuals are in line with the forum hourly rate fee schedule and therefore reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

The time entries created by Mr. Downing and his staff provide sufficient detail to assess their reasonableness. Nevertheless, a handful of entries appear unreasonable. For example, a paralegal billed for filing documents, a clerical task for which a charge is not appropriate. The paralegal duplicated efforts of an attorney in reviewing orders and pleadings. To account for these issues, $2,200 will be removed from the fee request. See Fox v. Vice, 563 U.S. 836, 838 (2011) (indicating that trial courts may use "rough justice" in awarding attorneys' fees).

Accordingly, petitioner is awarded attorneys' fees in the amount of **$46,776.00**.

### C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners requested $39,985.34 in attorneys' costs, consisting of acquiring medical records, paying the court filing fee, postage, and acquiring and compensating for the services of three experts. See

---

[2] The 2015–2016, 2017, 2018, 2019, 2020, 2021, and 2022 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Pet'r's Mot. IAFC, Exhibit 1 at 31-32; see also Pet'r's Mot. IAFC at 31-33.  For the non-expert-related costs, the undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full. This amount totals $657.19.

The bulk of the requested costs derive from costs associated with work experts performed.  Here, the undersigned has not heard Dr. Banner, Dr. Shannon or Dr. Chang testify.  Because the quality of the expert's work is a factor that should be considered when determining the appropriate rate, it is advantageous to have heard the expert witness's testimony before making this determination when possible.  See Schultz v. Sec'y of Health & Hum. Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying mot. for reconsideration on this point); Jones v. Sec'y of Health & Hum. Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Hum. Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed); Al-Uffi v. Sec'y of Health & Hum. Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing).  Thus, the costs associated with Dr. Banner, Dr. Shannon and Dr. Change are deferred.[3]

In sum, petitioner is awarded attorneys' costs in the amount of $657.19.

\*   \*   \*

Accordingly, petitioner is awarded:

**A lump sum of $47,433.19 in the form of a check made payable to petitioners and petitioners' attorney, Andrew D. Downing.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

---

[3] Petitioner's counsel is encouraged to review the invoices the doctors are creating to make sure that the invoices contain sufficient information to assess the reasonableness of the charges.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
